**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOHNSON & JOHNSON,

                    *Plaintiff*,

            v.

POWERFUL SWING LLC

                  *Defendant*.

1:22-cv-05746 (JMF)

---

### [PROPOSED] FINAL ORDER AND JUDGMENT
### ON CONSENT FOR PERMANENT INJUNCTION

This action having been commenced by Plaintiff Johnson & Johnson ("Plaintiff") on July

6, 2022 by the filing of the Complaint alleging that Defendant Powerful Swing LLC

("Defendant") has engaged in trademark infringement, unfair competition, dilution, and

cybersquatting under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), (c) and (d), and related

claims under New York State common law; and

WHEREAS, Plaintiff has duly and properly served Defendant and its registered agent

with the copy of the Summons and Complaint in this action pursuant to Fed. R. Civ. P.

4(h)(1)(B) by delivering a copy thereof to the Texas Secretary of State, which was accepted by

the Texas Secretary of State's designated agent Venita Moss, on July 20, 2022 in this Civil

Action, and;

WHEREAS, Plaintiff caused to be filed proof of such service with the Clerk of the Court

on July 22, 2022; and

WHEREAS, Defendant's managing member, Shannon D. Freeman, acknowledges that

Defendant operated the website *bandaidwellness.com* identified in the Complaint and has

{F4806298 1 }

represented that, apart from the use of the mark BANDAID WELLNESS on the website located at bandaidwellness.com, no products, labels, or marketing materials incorporating, bearing, or featuring the mark BANDAID WELLNESS were ever produced, and;

WHEREAS, Plaintiff has relied upon those representations of Defendant and Ms. Freeman to enter into this Final Order and Judgment On Consent For Permanent Injunction (hereinafter, the "Judgment"); and,

WHEREAS, Defendant, through its managing member, Ms. Freeman, having consulted an attorney and understanding the implications of the entry of this Judgment, stipulates and consents to the Judgment on the terms set forth herein; and

WHEREAS, this Court having made the following findings and conclusions:

A.      Johnson & Johnson is the owner of the famous BAND-AID trademark in connection with a wide range of first aid and skincare products and is the owner of numerous U.S. Trademark Registrations for the BAND-AID trademark, including No. 194,123 for BAND-AID for use in connection with "protective surgical dressing in the form of a bandage."

B.      Plaintiff commenced the Civil Action on July 6, 2022, alleging that Defendant knowingly, and without authorization from Plaintiff, sold or attempted to sell health care products, specifically fitness supplements, under the mark BANDAID WELLNESS and registered and used the domain name *bandaidwellness.com* in connection with its fitness supplement business.

C.      The Court has jurisdiction over the subject matter of this action pursuant to § 39 of the Lanham Act, 15 U.S.C. § 1121, and under §§ 1331, 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and (b). The Court has supplemental jurisdiction over the state law claims in this matter under § 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

D.    This Court has personal jurisdiction over Defendant on the grounds that (i)
Defendant has conducted, transacted and solicited business in the State of New York, (ii)
Defendant has committed tortious act(s) within this State by marketing, promoting, advertising
or offering for sale the products bearing the infringing trademark, and (iii) the events giving rise
to this dispute occurred in the State of New York and/or had effects in this State.

E.    Venue is proper in this District pursuant to §§ 1391(b) and (d) of the Judicial
Code, 28 U.S.C. §§ 1391(b) and (d).

F.    Defendant acknowledges that the Court has jurisdiction to enforce this Judgment
against it; Defendant consents to entry of this Judgment; and Defendant has the legal capacity to
consent to the entry of this Judgment and carry out all obligations and requirements herein.

G.    Ms. Freeman has the power and authority to sign on behalf of, enter into
agreement on behalf of, and to otherwise bind Defendant on whose behalf he is entering into this
Judgment.

I.    Defendant knowingly, and without authorization from Plaintiff, offered and
marketed, or attempted to offer or market, to the public health care products, specifically fitness
supplements, under the mark BANDAID WELLNESS and registered and used the domain name
*bandaidwellness.com* in connection with its fitness supplement business.

J.    Plaintiff is and will continue to be irreparably harmed absent the Court entering
this Order.

**NOW THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED as
follows:**

1.    Judgment is entered for Plaintiff and against Defendant on Plaintiff's claims for
trademark infringement under 15 U.S.C. § 1114(1), unfair competition under 15 U.S.C. §

1125(a), dilution under 15 U.S.C. § 1125(c), cybersquatting under 15 U.S.C. § 1125(d), trademark infringement and unfair competition under New York State common law, and dilution under N.Y. General Business Law § 360-1.

2.     Defendant, and any of its respective officers, agents, privies, shareholders, members, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors, and assigns, and all those persons in concert or participation with any of them, and any entity owned or controlled in whole or in part by Defendant, are hereby jointly and severally permanently enjoined and forever restrained from:

(a)     imitating, copying or making unauthorized use of the mark BAND-AID, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of the BAND-AID mark, including but not limited to the BANDAID WELLNESS mark (any such mark, a "Prohibited Mark"), in or as part of any corporate name, trademark, service mark, domain name, trade name, business name, fictitious name, or otherwise presenting any name that includes in whole or in part a Prohibited Mark on or in connection with any goods, businesses or services offered by Defendant or the advertising or promotion thereof;

(b)     using a Prohibited Mark to refer to or describe any products, goods or services offered by or on behalf of Defendant or any individual, entity or other third party affiliated with Defendant;

(c)     using a Prohibited Mark in or as part of any domain name, keyword, metatag, source code or other Internet search term, or otherwise using a Prohibited Mark on or in connection with any website owned or controlled by Defendant;

(d)     applying to register or registering in the United States Patent and Trademark Office, or in any state or other government trademark registry, any Prohibited Mark;

           (e)     using a Prohibited Mark in connection with the promotion, advertisement, sale, offering for sale or the provision of any goods or services;

           (f)     engaging in any other activity constituting unfair competition with Plaintiff or constituting an infringement of Plaintiff's BAND-AID mark;

           (g)     diluting or tarnishing the BAND-AID mark; or

           (h)     instructing, assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

      3.     Defendant is hereby ordered to deliver up to Plaintiff's attorneys an affidavit of Ms. Freeman, the managing member of Defendant, attesting, under penalty of perjury, that, apart from the use of the mark BANDAID WELLNESS on the website located at *bandaidwellness.com*, no goods, labels, tags, signs, stationary, prints, packages, promotional and marketing materials, advertisements or other materials were ever produced incorporating, featuring or bearing any Prohibited Mark within five (5) business days from the date of service of a notice of entry of this Judgment.

      4.     Within five (5) business days from the date of service of a notice of entry of this Judgment, Defendant is hereby ordered to transfer to Plaintiff or its designee the domain name *bandaidwellness.com* and any other domain name it owns that incorporates a Prohibited Mark.

      5.     Defendant shall ~~file with the Court and~~ serve upon Plaintiff's counsel within thirty (30) days after entry of this Judgment an affidavit under oath, setting forth in detail the manner and form in which it has complied with the requirements of paragraphs 2 through 4 above.

      6.     This Judgment shall resolve all claims and demands raised and asserted, or which could have been raised or asserted in the Civil Action against Defendant by Plaintiff arising out

of the facts set forth in the Civil Action, as well as all defenses and counterclaims that were raised or asserted, or which could have been raised or asserted, by Defendant in the Civil Action, and all relief and remedies requested or that could have been requested by Defendant, and shall constitute a final adjudication of the merits as to any such claims, counterclaims, defenses, remedies and relief.

7.      The parties to this Judgment waive all right to appeal from entry of this Judgment.

8.      By their signatures and acknowledgements below, the parties understand and agree to be bound by the terms of this Judgment.

9.      Defendant acknowledges that its decision to stipulate to this agreement and to enter into this Judgment has not been influenced by any promises, presentations, or statements made by Plaintiff or anyone acting on its behalf other than those set forth in this Judgment.

10.     This Court shall retain jurisdiction over this matter and the parties to it to enforce the terms of the Judgment and for purposes of making any other orders necessary to implement the terms of this Judgment and to punish or award damages for violation thereof. In connection with any further proceedings concerning the subject matter of this Judgment, including the enforcement of this Judgment, service on Defendant will be deemed effective by e-mailing a copy of any motion papers or pleadings to Defendant by delivery to Ms. Freeman, managing member of Powerful Swing, LLC, c/o Neil W. Thomson, Esq.,T homson Esq, PLC, Address:

2390 East Camelback Road, Suite 130, Phoenix, AZ 85016 h: (602) 809-2744 Email:

neil@thomson-esq.com.

New York, New York
 September 28 , 2022

Any pending motions are moot. All
conferences are vacated. The Clerk of
Court is directed to close the case.

Hon. Jesse M. Furman, U.S.D.J.

STIPULATED AND AGREED:

Dated: New York, New York
September 27, 2022

JOHNSON & JOHNSON

By:

Jake Feldman
Assistant Secretary

Dated: ~~New York, New York~~ NOT Texas Denton County
September 26, 2022

POWERFUL SWING LLC

By:

Shannon D. Freeman
Managing Member

STATE OF Texas
COUNTY OF Denton
SUBSCRIBED AND SWORN TO BEFORE ME
THIS 26 DAY OF Sept , 2022
BY Shannon D' Freeman
Melissa Thompson
NOTARY PUBLIC

MELISSA THOMPSON
Notary ID #133919900
My Commission Expires
August 22, 2026

{F4806298.1 }

7